Ruffin, C. J.
We concur in the opinion delivered to ■the jury. There was a lapse of twenty-two years from the giving of the bond, and of twenty-one from the last recognition of it, as obligatory on the defendants, by the payment then made on it, before the bringing of this suit. There were indeed several applications to the obligors, or one of them, by the plaintiffs’ agent for payment, but' there is no explanation of the delay to sue, in the insolvency of the obligors or any acknowledgement of the defendants and request for forbearance: but the defendants, pn the other hand, directly refused, from the first, to pay any thing more and that distinctly on the ground, that the bond was satisfied upon a new arrangement between the obligees and them. If the facts alleged by Smith were proven, they would constitute a good accord and satisfaction ; for undoubtedly a lawyer, who undertakes to appear for a client and fails to do so, is answerable upon his contract to the client, and that will furnish a sufficient consideration for his agreement to cancel or deliver up a security for his fee. But the defendants are not obliged to prove that agreement in aid of the presumption of payment from the lapse of time, more than they would have been, if they, when applied to by Deaver, had alleged any particular mode of payment technically speaking. It certainly does not impair the force of the presumption, that the obligors, when asked for payment, should affirm, that the debt had been paid, or released, or satisfied in any other mode ; but this rather strengthens the presumption, inasmuch as *353 it plainly shews a just reason why the obligees did not sooner demand payment. Here it appéars that one of the obligees admitted that he had agreed, twenty years before suit, to deliver up the bond as satisfied, and the defendants uniformly insisted, that the other obligee had been actually satisfied by setting off against his part of the bond his liability for not performing the engagement on his part, for which, the sum mentioned in the bond was to be his remuneration. It is, therefore, a strong case of the concurrence of the legal presumption with actual justice ; and the time mentioned in our Statute, ten years, has more than run twice over.
Pee Curiam. Judgment affirmed.